UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDE VELARDE,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF ALAMEDA, *et al.*,<br><br>  Defendants. | Case No. 15-cv-03323-SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND PRETRIAL SCHEDULING ORDER**<br><br>Re: Dkt. No. 68 |

Plaintiff's motion to amend the pretrial order is scheduled for a hearing on April 28, 2017. Pursuant to Civil Local Rule 7-1(b), the Court finds that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the motion is GRANTED in part.

The non-expert discovery cut-off in this case was March 20, 2017. Dkt. Nos. 46, 57. Plaintiff seeks to modify the pretrial order (1) "to permit plaintiff the inspection of the subject cell and pod," and (2) one deposition including the topics in the Inmate Handbook (plaintiff's rights and/or access to the telephone, shower and personal hygiene) and solitary confinement issues contained in the two last disclosed policies and procedures 9.02 and 11.22." Reply at 4. Plaintiff's reply brief states that she does not seek a complete reopening of non-expert discovery, and that her request for this limited discovery is prompted by defendant's recent production on April 14, 2017 of, *inter alia*, the Inmate Handbook; Alameda County Sheriff's Office Policy and Procedure Number 9.02 pertaining to Administrative Segregation; and Alameda County Sheriff's Policy and Procedure Number 11.22 pertaining to Disposition of Court Proceedings and Telephone Orders. *Id*. at 2.

As an initial matter, the parties dispute what claims remain in this case, and therefore

whether the discovery sought is relevant. Plaintiff contends that she may challenge the conditions of her confinement while in administrative segregation while defendants contend that the Court dismissed those claims (with leave to amend), and that because plaintiff never filed an amended complaint those claims are not in this case.

Defendants are correct. The docket reflects that plaintiff originally filed this lawsuit as a *pro se* litigant on July 15, 2015. Dkt. No. 1. Defendants filed a motion to dismiss on October 20, 2015, which plaintiff did not oppose. Dkt. No. 12. On November 9, 2015, the Court issued an order to show cause why the case should not be dismissed, and in response plaintiff filed a motion seeking an extension of time and stating that she was seeking to hire an attorney. Dkt. No. 18.

Plaintiff's current attorney filed a first amended complaint ("FAC") in January 2016. Dkt. Nos. 25 & 26. The FAC alleged the following claims pursuant to 42 U.S.C. § 1983 and state law: (1) violation of the Eighth Amendment's prohibition against cruel and unusual punishment based on the deprivations plaintiff allegedly suffered while in custody (lack of toilet paper, soap, clean clothing, clean underwear, showers and other necessities for personal hygiene and cleanliness); (2) violation of the Eighth and Fourteenth Amendments based on her placement in solitary confinement; (3) retaliation in the form of placement in administrative segregation based upon the exercise of her First Amendment rights; (4) violation of the Fourth Amendment and Equal Protection clause of the Fourteenth Amendment with respect to the timing and location of the strip and body cavity searches; (5) violation of Article 1, § 1 of the California Constitution and California Civil Code § 51.7; (6) violation of the Fourth, Eighth, and Fourteenth Amendments based on defendants' failure to immediately release plaintiff after the charges against her were dismissed; (7) violation of California Civil Code § 52.1; and (8) negligence

Defendants then filed a motion to dismiss the FAC. Dkt. No. 33. In an order filed April 20, 2016, the Court granted in part and denied in part defendants' motion and granted plaintiff leave to amend. Dkt. No. 44. The Court found that the following stated a claim (1) the second and third causes of action brought under the First and Fourteenth Amendments alleging that plaintiff's placement in administrative segregation was retaliatory; (2) the fourth cause of action under the Fourth and Fourteenth Amendments regarding the strip searches she underwent at the jail; and (3)

2

the sixth cause of action under the Fourth and Fourteenth Amendments regarding the alleged failure to release plaintiff as soon as the charges against her were dropped  The Court dismissed with leave to amend plaintiff's first cause of action alleging a violation of her Eighth Amendment rights based on the conditions of her confinement, finding that because plaintiff was a pretrial detainee, the Fourteenth Amendment, not the Eighth, applied to her claim.  The Court also dismissed plaintiff's state law claims, finding that based on the allegations of the FAC, defendants were immune.  The Court granted leave to amend the state claims if plaintiff could allege a basis for an exception to state law immunity.

Plaintiff did not file an amended complaint. Thus, the FAC is the operative complaint, and the only claims that remain in this case are those that the Court found stated a claim in the April 20, 2016 order.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  The Court disagrees with plaintiff that her claims regarding the conditions of confinement are subsumed within her claims challenging her placement in administrative segregation.  The FAC alleged those claims separately, the Court's April 20, 2017 order analyzed the claims separately and specifically dismissed with leave to amend the claims regarding conditions of confinement, and plaintiff chose not to amend the complaint.   Plaintiff may not now pursue any of those dismissed claims.

.   With regard to amending the scheduling order, defendant argues that plaintiff has not demonstrated good cause to engage in discovery now because plaintiff did not conduct any discovery prior to the close of non-expert discovery.  While defendant's point is well taken, the Court finds it appropriate to permit limited additional discovery based upon the discussions at the settlement conference and defendant's production of documents on April 14, 2017.  The parties agree that at the settlement conference, the parties and Magistrate Judge Beeler discussed the possibility of a limited site visit to facilitate settlement discussions.  It appears that the tentative agreement regarding a limited site visit broke down after plaintiff's counsel stated she wished to engage in additional discovery after the close of non-expert discovery.  Under the circumstances of this case, the Court finds that a limited site visit is appropriate.

The Court also concludes that plaintiff has demonstrated good cause for a limited, 4 hour

deposition concerning the documents recently provided to plaintiff regarding administrative segregation (Policy and Procedure Numbers 9.02 and 11.22), as those documents were only produced after the close of non-expert discovery. However, plaintiff's counsel may not ask any questions about the conditions of confinement (or the Inmate Handbook, as it relates to conditions of confinement), as plaintiff's claims regarding those conditions are no longer in this case.

**IT IS SO ORDERED**.

Dated: April 26, 2017

SUSAN ILLSTON
United States District Judge

4