UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDE VELARDE,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, *et al.*,<br><br>    Defendants. | Case No. 15-cv-03323-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL STIPULATED MENTAL EXAMINATION WITHOUT LIMITATIONS REQUESTED BY PLAINTIFF'S COUNSEL**<br><br>Re: Dkt. No. 82 |

    Defendant's motion to compel is scheduled for a hearing on June 7, 2017 at 4:00 p.m. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing.

    Federal Rule of Civil Procedure ("Rule") 35 permits "[t]he court where the action is pending [to] order a party whose mental . . . condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "To permit such an examination, Defendant must establish that: (1) Plaintiff has placed his condition in controversy, and (2) good cause exists for the examination." *Tan v. City & County of San Francisco*, No. C 08-01564 MEJ, 2009 WL 594238, * 1 (N.D. Cal. March 4, 2009) (citing *Schlagenhauf v. Holder*, 3798 U.S. 104, 116–17 (1964)).

    Plaintiff does not dispute that she has put her mental condition in controversy by claiming severe emotional distress as a result of the events giving rise to this lawsuit, and plaintiff has stipulated to an independent medical examination by defendant's psychiatric expert, Dr. Jeffrey

Gould. The parties' dispute centers on how much time should be allocated for the exam, with plaintiff asserting that five hours is sufficient and defendants seeking eight hours without prejudice to their right to ask for additional time upon a showing of good cause.

Plaintiff argues that Dr. Gould should be able to complete the exam within five hours because, *inter alia*, plaintiff already provided a lot of background information in her deposition. Plaintiff also states that she is concerned about "being required to repeatedly relive the trauma of her solitary confinement," and that an eight hour examination, plus breaks and travel time, would result in an unreasonably long day. Dkt. No. 85 at 3-4.

Defendants counter that plaintiff "has significant pre-existing psychological issues related to previous interactions with police unrelated to this lawsuit, previous civil litigation unrelated to this lawsuit, and family stressors unrelated to this lawsuit that will require detailed examination by a psychiatrist in the context of the claims and allegations made by Ms. Velarde in this case." Dkt. No. 86 at 1. Defendants have submitted Dr. Gould's declaration in which he states that the standard psychiatric testing that is part of the exam takes approximately two hours, but can take considerably longer. Gould Decl. ¶ 6 (Dkt. No. 82-1). Dr. Gould also states that the interview portion of the exam typically takes four to five hours, and can take longer depending on the examinee. *Id*. ¶ 5. Defendants state it is possible Dr. Gould may not need eight hours to complete the examination, but they request that the examination be set for a full eight hours in the event that all the time is necessary.

The Court finds that defendants have demonstrated good cause for an eight hour examination. Dr. Gould states that based upon his review of plaintiff's psychiatric records and history, as well as the fact that plaintiff has not previously undergone objective psychological testing, it is his opinion that it would be very difficult to complete the examination within five hours. While the Court recognizes that eight hours of examination may be difficult and tiring for plaintiff, those concerns do not outweigh defendants' need to adequately evaluate plaintiff's mental state. Accordingly, the Court GRANTS defendants' motion to compel the stipulated mental examination of plaintiff. The exam shall take place on a mutually agreeable date and time, and may last up to eight hours, not including breaks. Although the Court expects that eight hours shall be sufficient to complete the examination, defendants may seek additional time upon a

2

showing of good cause.

**IT IS SO ORDERED**.

Dated: June 6, 2017

_____
SUSAN ILLSTON
United States District Judge